UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK L. FELDHOUSEN,

                         Plaintiff,

        v.                                                    Civil No.

THE CITY OF NIAGARA FALLS, NEW YORK and
THE CITY OF NIAGARA FALLS POLICE
DEPARTMENT,

                         Defendants.

## NOTICE OF REMOVAL

        **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1441, 1443, and

1446, the action entitled *Mark L. Feldhousen v. The City of Niagara Falls, New York and The*

*City of Niagara Falls Police Department* (collectively, "the Defendants"), commenced in the

Supreme Court of the State of New York for the County of Niagara, Index No.: 146923, is

removed by the Defendants.

        Defendants, by and through their attorneys, respectfully state the following as

grounds for removing this action:

        1.      Defendants remove this action to this Court pursuant to the provisions of

28 U.S.C. §§ 1441 and 1446.

        2.      Defendants have complied with the requirements of Local Rule of Civil

Procedure 81 by: (i) completing a civil cover sheet; (ii) submitting the requisite $350.00 filing

fee; and (iii) attaching an index identifying all documents filed in the state court action,

individually tabbed, and arranged in chronological order according to the state court filing date. The index is attached as **Exhibit A**.

3.    On or about April 24, 2012, the plaintiff commenced this action against the Defendants by filing a summons and complaint in the Office of the Clerk for Niagara County.  A copy of the Summons and the Complaint are attached as **Tabs 1 and 2** of Exhibit A.

4.    Defendants' Notice of Removal is filed within 30 days of receiving on April 26, 2012, through "service or otherwise," a copy of the Summons and Complaint, attached as tabs 1 and 2 to Exhibit A.

5.    A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Clerk of the Supreme Court, Niagara County, is attached as **Exhibit B**, and will be filed in the Niagara County Clerk's Office and served on counsel for the plaintiff after the filing of this Notice of Removal in the United States District Court for the Western District of New York.

6.    In his complaint, plaintiff seeks, among other things, to recover against the Defendants for alleged violations of the federal Age Discrimination in Employment Act, 29 U.S.C. § 621.  In addition, plaintiff brings similar claims under Section 296 of the New York Executive Law.

## JURISDICTION EXISTS UNDER 28 U.S.C. § 1331

7.    This Notice of Removal is filed under 28 U.S.C. § 1441(c) on the grounds that the complaint alleges a civil cause of action over which this Court has original jurisdiction

pursuant to 28 U.S.C. § 1331 because the claims asserted and the questions raised by the plaintiff, or some of them, present federal questions arising under the Constitution, laws, or treaties of the United States, specifically, 29 U.S.C. § 621.

8.     Defendants have completed and provided a Civil Cover Sheet and a check in the amount of $350.00 for the filing fee as required by Local Rule of Civil Procedure 81.

**WHEREFORE**, Defendants remove this action, currently docketed in the New York State Supreme Court, Niagara County, Index No. 146923, to the United States District Court for the Western District of New York and requests that the United States District Court for the Western District of New York assume jurisdiction over the entirety of this action and exclude any further proceedings in the New York State Supreme Court.

Dated: May 25, 2012
        Buffalo, New York

                        **HODGSON RUSS** LLP
                        *Attorneys for Defendants*

                        By: _Joseph S. Brown_
                              Daniel C. Oliverio, and
                              Joseph S. Brown
                        The Guaranty Building
                        140 Pearl Street, Suite 100
                        Buffalo, New York 14202-4040
                        Tel: 716.856.4000

- 3 -

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK L. FELDHOUSEN,

                        Plaintiff,

        v.                                                    Civil No.:

THE CITY OF NIAGARA FALLS, NEW YORK and
THE CITY OF NIAGARA FALLS POLICE
DEPARTMENT,

                        Defendants.

## LOCAL RULE OF CIVIL PROCEDURE 81 INDEX

| Tab 1. | Summons | Filed on April 24, 2012 |
| Tab 2. | Complaint | Filed on April 24, 2012 |

Dated: May 25, 2012
       Buffalo, New York

                        **HODGSON RUSS** LLP
                        *Attorneys for Defendants*

                        By: _____
                            Daniel C. Oliverio, and
                            Joseph S. Brown
                        The Guaranty Building
                        140 Pearl Street, Suite 100
                        Buffalo, New York 14202-4040
                        Tel:  716.856.4000

TO:    Jon Ross R. Wilson, Esq.
         Law Office of Jon Louis Wilson
         Attorneys for Plaintiff
         The Centennial House
         111 Ontario Street
         Lockport, New York 14094
         (716) 434-2010

000160/09700 BFLODOCS 1987887v1
8513868v1 000160.00894

# Tab 1

**STATE OF NEW YORK**
**SUPREME COURT :: COUNTY OF NIAGARA**

MARK L. FELDHOUSEN                                                SUMMONS
4903 Thrall Road
Lockport, New York 14094,                                        Index No.: 146923
                                          Plaintiff,

        -vs-                                                     ORIGINAL FILED

THE CITY OF NIAGARA FALLS, NEW YORK                              APR 2 4 2012
745 Main Street
P.O. Box 69                                                      WAYNE F. JAGOW
Niagara Falls, New York 14302-0069,                             NIAGARA COUNTY CLERK
        and
THE CITY OF NIAGARA FALLS POLICE DEPARTMENT
1925 Main Street
Niagara Falls, New York 14305,
                                          Defendants.

---

**TO THE ABOVE-NAMED DEFENDANTS:**

        **You Are Hereby Summoned** to answer the Complaint in this action, and to serve a copy
of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance, on the Plaintiff's attorney within **20 days** after the service of this summons,
exclusive of the day of service, where service is made by delivery upon you, personally, within
the state, or within 30 days after completion of service, where service is made in any other
manner. In case of your failure to appear or answer, judgment will be taken against you, by
default, for the relief demanded in the Complaint.

Trial to be held in the County of Niagara.
The basis of the venue is the Plaintiff's residence.
The Plaintiff resides in Niagara County.

Dated:  This 23rd day of April, 2012
        Lockport, New York

                                          LAW OFFICE OF JON LOUIS WILSON
                                          Jon Ross R. Wilson, Esq., of Counsel
                                          Attorneys for the Plaintiff
                                          The Centennial House
                                          111 Ontario Street
                                          Lockport, New York 14094
                                          (716) 434-2010

To the above-named Defendants:
The nature of the action is an employment discrimination claim.
The relief sought is a money judgment for Plaintiff's damages and equitable relief.

# Tab 2

STATE OF NEW YORK
SUPREME COURT :: COUNTY OF NIAGARA

MARK L. FELDHOUSEN                                        **COMPLAINT**
4903 Thrall Road
Lockport, New York 14094,                                Index No.: **146923**
                                              Plaintiff,

        -vs-                                             ORIGINAL FILED

THE CITY OF NIAGARA FALLS, NEW YORK                      APR 2 4 2012
745 Main Street
P.O. Box 69                                              WAYNE F. JAGOW
Niagara Falls, New York 14302-0069,                      NIAGARA COUNTY CLERK
        and
THE CITY OF NIAGARA FALLS POLICE DEPARTMENT
1925 Main Street
Niagara Falls, New York 14305,
                                          Defendants.

---

        Plaintiff, **MARK L. FELDHOUSEN**, by his attorneys, **THE LAW OFFICE OF JON**

**LOUIS WILSON, JON ROSS R. WILSON, ESQ.**, of Counsel, as and for his Complaint

herein, respectfully alleges as follows:

        1.)     That, at all relevant times hereinafter and during the following alleged incidents,

the Plaintiff, **MARK L. FELDHOUSEN,** hereinafter referred to as " Mr. Feldhousen," was and

continues to be a resident of the Town of Lockport, County of Niagara and State of New York.

Plaintiff is a Caucasian male, born on November 5, 1951.

        2.)     That, upon information and belief, at all relevant times hereinafter and during the

following alleged incidents, the Defendant, **THE CITY OF NIAGARA FALLS, NEW YORK,**

hereinafter referred to as "Niagara Falls," was and continues to be a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York, with its

principal office located at City Hall, 745 Main Street, Niagara Falls, New York.

3.)     That, upon information and belief, at all relevant times hereinafter and during the following alleged incidents, the Defendant, **THE CITY OF NIAGARA FALLS POLICE DEPARTMENT**, hereinafter referred to as "NFPD," was and continues to be a division or department of the aforesaid City of Niagara Falls duly organized and existing under and by virtue of the laws of the State of New York and the Niagara Falls City Charter, with its principle office located at 1925 Main Street, Niagara Falls, New York.

4.)     That, on or about October 18, 1971, Mr. Feldhousen was hired by the Defendants as an officer with the NFPD.  From the date of hire in October 1971 until approximately January 2002, Mr. Feldhousen was assigned to the NFPD's patrol division.  In or around January 2002, Mr. Feldhousen was transferred to the NFPD's warrant division.  In or around the summer or fall of 2003, Mr. Feldhousen took a leave of absence from his position with the NFPD due to certain health issues.  In or around October 2003, returned to work with the Defendants and was assigned to the NFPD's traffic division.

5.)     That, on or about September 17, 2009, Mr. Feldhousen was transferred by the Defendants from the NFPD's traffic division to the detention area of the NFPD as a male jailer. Upon information and belief, Defendants used a younger, less experienced and less qualified officer to replace Mr. Feldhousen in the NFPD's traffic division.

6.)     That, on or about April 6, 2010, Mr. Feldhousen was transferred by the Defendants from the NFPD's detention area to an administrative position in the NFPD's command area, hereafter referred to as "Post 1," where he was ordered not to perform any official police functions.  Upon information and belief, Defendants used a younger, less experienced and less qualified officer to replace Mr. Feldhousen in the NFPD's detention area.

7.)   That, on or about September 9, 2010, the Defendants ordered Mr. Feldhousen to undergo evaluations by a psychologist and a neurologist, ostensibly under the guise of a fitness for duty examination.  Upon information and belief, the Defendants lacked any reasonable and/or credible basis for ordering said evaluations.

8.)   That, on or about October 5, 2010, Mr. Feldhousen filed a complaint against the Defendants alleging discrimination, based upon age, harassment and retaliation, with the Defendant, Niagara Falls', EEO Officer for Compliance and Workforce Diversity, Ruby Pulliam.

9.)   That, on or about October 6, 2010, the Defendants placed Mr. Feldhousen on administrative leave, effective October 7, 2010 and continuing until further notice.  Upon information and belief, Defendants used a younger, less experienced and less qualified officer to replace Mr. Feldhousen in the NFPD's Post 1.

10.)   That, on or about October 19, 2010, Mr. Feldhousen filed a second complaint against the Defendants alleging discrimination, based upon retaliation, with the Defendant, Niagara Falls', EEO Officer for Compliance and Workforce Diversity, Ruby Pulliam.

11.)   That, on or about October 21, 2010, Mr. Feldhousen filed yet another complaint against the Defendants alleging discrimination, based upon disability, age, harassment and retaliation, with the Defendant, Niagara Falls', EEO Officer for Compliance and Workforce Diversity, Ruby Pulliam.

12.)   That, upon information and belief, the Defendants failed to conduct an adequate and/or reasonable investigation, either formal or informal, into Mr. Feldhousen's complaints as filed with the Defendant, Niagara Falls', EEO Officer for Compliance and Workforce Diversity, Ruby Pulliam.

21.)    That, a legitimate, nondiscriminatory and/or nonretaliatory reason does not exist
to justify Defendants' discriminatory and/or retaliatory treatment of Mr. Feldhousen.

22.)    That, Mr. Feldhousen has satisfied all of the procedural and administrative
requirements set forth in the Age Discrimination in Employment Act (29 U.S.C.A. § 621, et
seq.), in particular:

a.      Plaintiff filed a timely charge of discrimination with the appropriate state fair
employment agencies;

b.      Plaintiff filed a timely written charge of discrimination with the United States
Equal Employment Opportunity Commission (EEOC);

c.      Plaintiff received a "Notice of Right to Sue" from the EEOC, dated January 24,
2012, on or about January 25, 2012, a copy of which is attached hereto and made a part hereof as
Exhibit "A;"

d.      The complaint in this action was filed with this Court within ninety (90) days
from the receipt of the "Notice of Right to Sue."

23.)    That, the actions of the Defendants make reinstatement ineffective as a make-
whole remedy, thereby entitling Mr. Feldhousen to front pay in lieu of reinstatement.

24.)    That, Mr. Feldhousen has been unable, despite reasonable efforts, to find
comparable employment.

25.)    That, as a direct and/or proximate result of the Defendants' discrimination and/or
retaliation against Mr. Feldhousen, he has suffered and continues to suffer irreparable injury and
substantial losses, including the loss of past and future earnings, bonuses, deferred compensation,
and other employment benefits.

## AS AND FOR A SECOND CAUSE OF ACTION ON
## BEHALF OF THE PLAINTIFF, MARK L. FELDHOUSEN, AGAINST
## THE DEFENDANTS.

26.)     That, Plaintiff repeats, realleges and reiterates each and every allegation contained in paragraphs "1" through "25," hereinbefore with the same force and effect as if said allegations were more fully set forth hereinafter.

27.)     That, at all relevant times herein and during the aforementioned alleged incidents, Mr. Feldhousen was and "employee" within the meaning of New York Executive Law § 292.

28.)     That, at all relevant times herein and during the aforementioned alleged incidents, the Defendants named herein were at all relevant times herein "employer(s)" within the meaning of New York Executive Law § 292.

29.)     That, Mr. Feldhousen has been discriminated against and retaliated against by the Defendants on the basis of his age in violation of New York Executive Law § 296 by Defendants engaging in a course of conduct, including, but not limited to, the September 17, 2009 transfer from the NFPD's traffic division in favor of a younger, less experienced and less qualified officer, the April 6, 2010 transfer from the NFPD's detention area in favor of a younger, less experienced and less qualified officer, the September 9, 2010 order to undergo evaluations by a psychologist and a neurologist, placing Mr. Feldhousen on administrative leave on or about October 6, 2010 from the NFPD's Post 1 and replacing him with a younger, less experienced and less qualified officer, the December 22, 2010 suspension and initiation of proceedings pursuant to § 75 of the New York Civil Service Law and, thereafter, the replacement of Mr. Feldhousen with a younger, less experienced and less qualified officer, and, the May 2011 constructive discharge of Mr. Feldhousen in favor of a younger, less experienced and less qualified officer.

30.) That, the conduct and communications of the Defendants substantially interfered with the employment of the Plaintiff and created an intimidating, hostile, and offensive work environment in violation of New York Executive Law § 296, specifically §§ 296(1), 296(1-a), 296(6) and 296(7).

31.) That, the actions of the Defendants make reinstatement ineffective as a make-whole remedy, thereby entitling Plaintiff to front pay in lieu of reinstatement.

32.) That, the Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

33.) That, as a direct and/or proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income including, but not limited to, wages, social security, fringes, pension and seniority benefits and other benefits due him.

34.) That, as a further direct and/or proximate result of said unlawful employment practices, the Plaintiff has suffered the indignity of discrimination, the invasion of his rights to be free from discrimination and/or discriminatory retaliation, and great humiliation, which has manifested in physical illness and emotional stress.

35.) That, as a further direct and proximate result of said unlawful employment practices, the Plaintiff has suffered extreme mental anguish, outrage, severe anxiety, painful embarrassment among his friends and co-workers, damage to his good reputation, disruption of his personal life and loss of enjoyment of the ordinary pleasures of everyday life.

**WHEREFORE**, the Plaintiff, **MARK L. FELDHOUSEN**, respectfully requests the following relief:

**As and for Plaintiff's First Cause of Action:**

1.) An order prohibiting Defendants from continuing or maintaining the policy, practice and/or custom of denying job benefits to employees on the basis of age;

2.) An award to Plaintiff of his actual damages in an amount sufficient to confer jurisdiction upon this Court and which is in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction for loss of wages, benefits and promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

3.) An award to Plaintiff of double his actual damages in an amount sufficient to confer jurisdiction upon this Court and which is in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction as liquidated damages under 29 U.S.C.A. § 626(b);

4.) An award to Plaintiff of the costs of this action, together with his reasonable attorneys' fees; and

5.) Such other and further relief as to this Court may seem just, proper and equitable.

**As and for Plaintiff's Second Cause of Action:**

1.)    Actual and consequential damages as may be proven, plus interest, all in a sum sufficient to confer jurisdiction upon this Court and which is in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

2.)    Compensatory damages to compensate for the pain, suffering, and humiliation Plaintiff suffered as a result of Defendants' illegal action, all in a sum sufficient to confer

jurisdiction upon this Court and which is in excess of the jurisdictional limits of all lower courts

which would otherwise have jurisdiction; and,

3.)    Such other and further relief as to this Court may seem just, proper and equitable.

DATED:    **April 23, 2012**
          **Lockport, New York**

JON ROSS R. WILSON

**THE LAW OFFICE OF JON LOUIS WILSON**
**Jon Ross R. Wilson, Esq., of Counsel**
**Attorneys for Plaintiff**
**The Centennial House**
**111 Ontario Street**
**Lockport, New York  14094**
**(716) 434-2010**

## ATTORNEY CERTIFICATION

STATE OF NEW YORK   )
COUNTY OF NIAGARA  )ss.

    I, JON ROSS R. WILSON, ESQ., hereby certify, under penalty of perjury, that, to the best of my knowledge, information and belief, formed after an inquiry, reasonable under the circumstances, that the presentation of this application and the contentions herein are not frivolous as defined in subsection (c) of § 130-1.1 of the Rules of the Chief Administrator of the Courts and, furthermore, that I have no actual knowledge that the substance of any statement of fact contained in the annexed Complaint is false and that this Certification is based solely and exclusively upon the information provided by the Plaintiff.

DATED:  April 23, 2012

 

JON ROSS R. WILSON, ESQ.



 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Buffalo Local Office**

6 Fountain Plaza, Suite 350
Buffalo, NY 14202
(716) 551-4442
TTY (716) 551-5923
FAX (716) 551-4387

RECEIVED

JAN 25 2012

JON LOUIS WILSON

Mark L. Feldhousen
4903 Thrall Road
Lockport, NY 14094

Re:    EEOC Charge No.: 525-2011-00030
       Mark L. Feldhousen v. NFPD

Dear Mr. Feldhousen:

With regard to the basis of disability, your case has been referred to the U.S. Department of Justice (DOJ) for review to determine whether DOJ will bring suit in Federal District Court against the above named Respondent. A decision should be forthcoming in the near future.

If DOJ decides to bring a civil action under Title I of the Americans with Disabilities Act of 1990, as amended, you may have the right to seek to intervene in such an action. If DOJ decides that it will not bring suit, you will be notified and advised of your private suit rights.

However, with regard to the basis of age, enclosed is your notice of right to sue.

Sincerely,

John E. Thompson, Jr., Director
Buffalo Local Office

Date: JAN 2 4 2012

**Encl:**   Notice of Right to Sue
**CC:**     Jon Ross R. Wilson, Esq.
            The Law Office of Jon Louis Wilson
            The Centennial House
            111 Ontario Street
            Lockport, NY 14094

EEOC Form 161-A (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Mark Feldhousen<br>4903 Thrall Road<br>Lockport, NY 14094 | From: | Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2011-00030 | Jeremy M. Boyd,<br>Investigator | (716) 551-4442 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John E. Thompson* (signature)

JAN 2 4 2012

Enclosures(s)

**John E. Thompson,**
**Local Office Director**

*(Date Mailed)*

cc: | Joyce Mardon-serianni<br>Human Resources<br>NIAGARA FALLS POLICE DEPARTMENT<br>1925 Main Street<br>Niagara Falls, NY 14302 | Jon Ross R. Wilson<br>THE LAW OFFICE OF JON LOUIS WILSON<br>The Centennial House<br>111 Ontario Street<br>Lockport, NY 14094 |

# FACTS ABOUT FILING
# AN EMPLOYMENT DISCRIMINATION SUIT
# IN FEDERAL COURT IN NEW YORK STATE

You have received a document which is the final determination or other final action of the Commission. This ends our handling of your charge. The Commission's action is effective upon receipt. Now, you must decide whether you want to file a private lawsuit in court. This fact sheet answers several commonly asked questions about filing a private lawsuit.

## WHERE SHOULD I FILE MY LAWSUIT?

Federal District Courts have strict rules concerning where you may file a suit. You may file a lawsuit against the respondent (employer, union, or employment agency) named in your charge. The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred. New York State has four federal districts:

- The United States District Court for the Western District of New York is located at 68 Court Street in Buffalo. It covers the counties of Allegheny, Cattaraugus, Chautauqua, Chemung, Erie, Genesee, Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates. (716) 551-4211 http://www.nywd.uscourts.gov

- The United States District Court for the Northern District of New York is located at 100 South Clinton Street in Syracuse and covers the counties of Albany, Broome, Cayuga, Chanango, Clinton, Columbia, Cortland, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Jefferson, Lewis, Madison, Montgomery, Oneinda, Onandaga, Oswego, Otsego, Rensselaer, St. Lawrence, Saratoga, Schenectady, Schoharie, Tioga, Tompkins, Ulster, Warren, and Washington. This District Court's pro Se Attorney has offices at 10 Broad Street in Utica New York. (315) 234-8500 http://www.nynd.uscourts.gov

- The United States District Court for the Southern District of New York is located at 500 Pearl Street in Manhattan. It covers the counties of Bronx, Dutchess, New York (Manhattan), Orange, Putnam, Rockland, Sullivan, and Westchester. (212) 805-0136 http://www.nysd.uscourts.gov

- The United States District Court for the Eastern District of New York is located at 225 Cadman Plaza in Brooklyn and covers the counties of Kings (Brooklyn), Nassau, Queens, Richmond (Staten Island), and Suffolk. (718) 613-2600 http://www.nyed.uscourts.gov

## WHEN MUST I FILE MY LAWSUIT?

Your private lawsuit must be filed in U.S. District Court within 90 days of the date you receive the enclosed final action. Once this 90 day period is over, unless you have filed suit, you will have lost your right to sue.

(Over)

# Exhibit B

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF NIAGARA

---

MARK L. FELDHOUSEN,

                              Plaintiff,

    v.                                                        Index No.:  146923

THE CITY OF NIAGARA FALLS, NEW YORK and
THE CITY OF NIAGARA FALLS POLICE
DEPARTMENT,

                              Defendants.

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

| TO: | Jon Ross R. Wilson, Esq.<br>Law Office of Jon Louis Wilson<br>Attorneys for Plaintiff<br>The Centennial House<br>111 Ontario Street<br>Lockport, New York 14094<br>(716) 434-2010 | NIAGARA COUNTY CLERK'S OFFICE<br>P.O. Box 461<br>Lockport, New York 14095<br>(716) 439-7025 |
|---|---|---|

**PLEASE TAKE NOTICE THAT**, a true copy of the Notice of Removal filed in

the Office of the Clerk of the United States District Court for the Western District of New York

on May 25, 2012 is attached as **Exhibit A**.

Dated:  May 25, 2012
      Buffalo, New York

                  **HODGSON RUSS** LLP
                  *Attorneys for Defendants*
                  By:  _____
                      Daniel C. Oliverio, and
                      Joseph S. Brown
                  The Guaranty Building
                  140 Pearl Street, Suite 100
                  Buffalo, New York 14202-4040
                  Tel:  716.856.4000